UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BASF Corporation,

                                Plaintiff,

              v.

The Original Fender Mender, Inc.,

                              Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-CV-2796
(Gonzalez, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff BASF Corporation filed this action on April 14, 2023 against Defendant The Original Fender Mender, Inc., alleging causes of action for breach of contract, unjust enrichment, and declaratory relief. *See generally* Dkt. No. 1. Defendant did not answer or otherwise respond to the Complaint. Currently pending before this Court, on a referral from the Honorable Hector Gonzalez, United States District Judge, is Plaintiff's motion for default judgment. *See* Dkt. No. 13; *see also* Aug. 25, 2023 Referral Order.

In light of Plaintiff's failure to comply with Local Civil Rule 55.2(b) and Plaintiff's failure to establish that Defendant was properly served with the Summons and Complaint, and for the reasons set forth below, the Court respectfully recommends denying Plaintiff motion for default judgment without prejudice, with leave to renew the filing upon curing the deficiencies detailed herein.

**I.**    **Background**

    **A.**    **Factual Allegations**

The following facts are taken from the Complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion; the facts are assumed to be true for the purposes of this

motion. *See Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1 (E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015)).

Plaintiff is a New Jersey-based corporation incorporated under the laws of the State of Delaware. Dkt. No. 1 ¶ 1. Plaintiff sells aftermarket paints, refinishes, coating, primers, thinners, and reducers, along with other related products and materials, for the reconditioning refinishing, and repainting of vehicles (collectively, "Refinish Products"). *Id.* ¶ 4. Plaintiff sells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops. *Id.* One such automotive shop is Defendant, a corporation with a principal executive office located at 27-16 21st Street, Long Island City, New York 11102. *Id.* ¶¶ 2, 5.

On or about September 6, 2017, Plaintiff and Defendant entered into a Requirements Agreement (Dkt. No. 1-3), pursuant to which Defendant agreed for Plaintiff to fulfill one hundred percent of Defendant's requirements for Refinish Products up to a minimum purchase requirement of $558,000.00 in the aggregate. Dkt. No. 1 ¶ 10. In consideration of Defendant satisfying this minimum purchase requirement, Plaintiff paid Defendant $55,000.00. *Id.* ¶ 11. Defendant also agreed to assume liability for $24,000.00 in unearned consideration from a prior contract between the parties. *Id.* ¶ 11. Pursuant to the terms of the contract, if the Requirements Agreement was terminated for any reason prior to Defendant fulfilling its minimum purchase requirement, Defendant was obligated to refund 100% of the consideration paid by Plaintiff ($55,000.00) plus the unearned consideration ($24,000.00), for a total amount due of $79,000.00.[1] *Id.* ¶ 12.

Plaintiff alleges that on or about August 2022, Defendant breached, and ultimately terminated, the Requirements Agreement by closing its business operations and ceasing to

---

[1] The Complaint alleges that the total amount due upon early termination is $74,000. *See* Dkt. No. 1 ¶ 12. This appears to be a mathematical error.

2

purchase Refinish Products from Plaintiff prior to fulfilling its minimum purchase requirement. *Id.* ¶ 13. According to Plaintiff, at the time of the breach, Defendant had purchased approximately $283,091.04 in Refinish Products from Plaintiff, leaving a balance due and owing of $274,908.96. *Id.* ¶ 14. Defendant also failed to return any of the consideration paid by Plaintiff, in violation of the terms of the Requirements Agreement. *Id.* ¶ 13. On February 22, 2023 and March 6, 2023, Plaintiff gave Defendant "notice that it was in default of its contractual obligations and demanded a refund of the applicable consideration." *Id.* ¶ 17; *see also* Dkt. Nos. 1-4, 1-5.

### B.    Procedural History

Plaintiff commenced this action on April 14, 2023. *See generally* Dkt. No. 1. On June 6, 2023, Plaintiff served Defendant by leaving a copy of the Summons and Complaint with a person named "Maria Sokolich for The Original Fender Mender Inc. c/o CEO Steven Sokolich" at 16919 25th Avenue, Whitestone, New York 11357. *See* Dkt. No. 9. The process server stated that Maria Sokolich "was authorized to accept legal papers for the corporation." *Id.* The form affidavit of service, however, does not indicate Defendant's relationship to Maria Sokolich or the premises (*i.e.*, dwelling place, place of business, usual place of abode, or last known address). *Id.* On July 19, 2023, Plaintiff requested a certificate of default after Defendant failed to answer or otherwise defend against the Complaint. Dkt. No. 10. The Clerk of the Court entered the certificate of default on July 25, 2023. Dkt. No. 12.

On August 25, 2023, Plaintiff filed a motion for default judgment. Dkt. No. 13. According to the declaration of Plaintiff's counsel, Plaintiff served Defendant with the motion on an unspecified date by delivering a copy to Defendant's "last known address." *See* Dkt. No. 13-2 ¶ 12.

On August 25, 2023, Plaintiff's motion was referred to the Honorable Ramon E. Reyes, Jr., then-United States Magistrate Judge, for a Report and Recommendation. *See* Aug. 25, 2023 Referral Order. On November 30, 2023, this action was reassigned to the undersigned. *See* Nov. 30, 2023 Dkt. Entry.

## II.      Standard for Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound*

*Exhibitgroup*, *Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen*, 2023 WL 2583856, at *7 (quotations and citation omitted).

### III. Discussion

Plaintiff's motion for default judgment fails to comply with Local Civil Rule 55.2(b). And, even if Plaintiff had complied with Local Civil Rule 55.2(b), the motion is still deficient because Plaintiff has not established that Defendant was properly served with the Summons and Complaint. For the reasons outlined below, this Court respectfully recommends that Plaintiff's motion for default judgment be denied.

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-

5

335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *See Fin. Servs. Vehicle Tr. V. Osmanaj*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (citations and quotation marks omitted).

Here, in support of its default judgment motion, Plaintiff submits: (1) a memorandum of law (Dkt. No. 13-1); (2) a declaration from Plaintiff's counsel (Dkt. No. 13-2); (3) a declaration from Nicholas Maloof, an employee of Plaintiff (Dkt. No. 13-4); and (4) a proposed form of default judgment (Dkt. No. 13-5).

### A.  Plaintiff failed to comply with Local Civil Rule 55.2(b)

Under Local Civil Rule 55.2(b), a party requesting default judgment must attach to their application: "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). "Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment." *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021); *see also United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2-*3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment because plaintiff failed to follow Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA) (CLP), 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to mail defendants the documents enumerated in Local Rule 55.2(b)).

Here, although Plaintiff attached a proposed form of default judgment to the motion (Dkt. 13-5), Plaintiff violated Local Civil Rule 55.2(b) by failing to append a copy of the claim to which no response was made (the Complaint) or the Clerk's certificate of default to its motion. Consequently, Plaintiff's motion for default judgment is deficient on its face and should be denied. *See, e.g.*, *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CV-2283 (ERK) (VMS), 2020 WL 13580466, at *8 (E.D.N.Y. June 22, 2020) (recommending denial of default judgment motion where Plaintiff's submission in support of motion for default judgment did not include "a copy of the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment"), *report and recommendation adopted*, July 27, 2020 Dkt. Order; *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying default judgment for, *inter alia*, plaintiff's failure to submit copy of certificate of default); *Badalamenti v. Country Imported Car Corp.*, No. 10-CV-4993 (SJF) (GRB), 2012 WL 601481, at *2 (E.D.N.Y. Feb. 22, 2012) ("[T]he rules require that the Clerk's certificate of default be appended to the motion," and failure to comply with "[t]his technicality alone supports [a] denial of [the] plaintiff's motion for a default judgment."). "As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

Indeed, "[t]he fact that the certificates of default and the Complaint 'may be found electronically, scattered on the docket, does not absolve [plaintiff] of [her] obligation to collect

7

and append copies to [her] moving papers.'" *Koutlakis v. C P Grill Corp.*, No. 19-CV-1669 (DLI) (CLP), 2023 WL 7000847, at *3 (E.D.N.Y. July 12, 2023) (alterations in original), *report and recommendation adopted* Dkt. Entry dated August 25, 2023); *see also Yoon*, 2020 WL 13580466, at *8 (stating "[i]t is not enough that the complaint or Clerk's certificate of default can be found interspersed throughout the docket"); *Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements Local Rule 55.2 is a basis to deny a motion for default judgment").

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be denied for failure to comply with the requirements of Local Civil Rule 55.2(b).[2]

---

[2] Additionally, Plaintiff's notice of motion does not identify the rule(s) or statute(s) that Plaintiff is seeking relief under in violation of Local Civil Rule 7.1. Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). The notice of motion must "specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." Loc. Civ. R. 7.1(a)(1). The failure to comply with Local Civil Rule 7.1 is enough, on its own, for a court to deny the motion. *See, e.g.*, *A.M. v. City of New York*, No. 21-CV-5191 (ENV) (CLP), 2022 WL 20472225, at *5 (E.D.N.Y. Aug. 8, 2022) (recommending denial of motion for failure to comply with Loc. Civ. R. 7.1), *report and recommendation adopted*, 2023 WL 4446660 (E.D.N.Y. July 11, 2023); *see also Citibank, N.A. v. Super Sayin' Publ'g, LLC*, No. 14-CV-5841 (SHS) (KNF), 2017 WL 462601, at *2 (S.D.N.Y. Jan. 17, 2017) (denying motion for failure to comply with Local Civil Rule 7.1); *Perez v. Escobar Constr., Inc.*, No. 20-CV-2010 (LTS) (GWG), 2022 WL 19560924, at *1 (S.D.N.Y. Sept. 19, 2022) ("[P]laintiffs' notice of motion [] fails to 'specify the applicable rules or statutes pursuant to which the motion is brought' as required by Local Civil Rule 7.1(a)(1), and thus would have to be denied for this reason alone.").

Courts, however, "can disregard the failure to file a notice of motion or other papers"; "[t]his most commonly occurs when another document in the filing provides the necessary information, for example, when 'a memorandum of law and supporting documents that allow the Court to consider the proposed motion' have been filed, either with the original motion or as a supplement. *Dominguez v. Hernandez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *15 (E.D.N.Y. Feb. 22, 2023), *report and recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023). As Plaintiff has filed a memorandum of law attached to its notice of motion, Plaintiff has likely fairly and adequately apprised Defendant of the nature and basis of its motion. Nonetheless, since it is recommended that denial of the instant motion be without prejudice, the Court notes that Plaintiff's flawed notice of motion can be rectified should Plaintiff file a new motion for default judgment. *See Haua v. Prodigy Network, LLC*, No. 20-CV-2318 (PGG) (KNF), 2021 WL 4993678, at *1 (S.D.N.Y. Sept. 2, 2021), *report and recommendation adopted*, 2021 WL 4478737 (S.D.N.Y. Sept. 29, 2021) (denying a motion for attorney's fees that did "not comply with Local Civil Rule 7.1(a) because the plaintiffs' notice of motion fail[ed] to 'specify the applicable rules or statutes pursuant to which the motion is brought.'") (citing Local Civil Rule 7.1(a)(1)).

8

### C.  Plaintiff has not established that Defendant was properly served with process

As discussed above, in light of Plaintiff's failure to comply with the Local Civil Rules, this Court respectfully recommends that the Court deny Plaintiff's motion for default judgment for that reason alone.  But should the Court adopt this report and recommendation, Plaintiff's motion is still deficient because Plaintiff has not established that Defendant was properly served with the Summons and Complaint.

A court may not enter default judgment "unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *US Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *4 (E.D.N.Y. Mar. 6, 2012).  Indeed, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *5 (E.D.N.Y. Feb. 14, 2014) (quotations and citation omitted), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

Under Fed. R. Civ. P. 4(h)(1)(B), a corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  The Federal Rules also permit a plaintiff to serve a corporation according to the law of the state where the district court is located. Fed. R. Civ. P. 4(h)(1)(A).  As relevant here, New York law, like its federal counterpart, allows for a corporation to be served by delivering the summons and complaint to "an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).  A corporation may also be served via its "registered agent"

9

or the New York Secretary of State in Albany pursuant to section 306 of the New York Business Corporation Law. *See* N.Y. Bus. Corp. L. § 306(a).

Importantly, neither the Federal Rules nor New York law permit a plaintiff to serve an authorized representative of a corporate defendant by any method other than personal delivery to the authorized representative. *See, e.g.*, *Trustees of Loc. 138, 138A & 138B Int'l Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, Apprenticeship Training Fund v. Early Bird Sweeping Contractors, Inc.*, No. 16-CV-1066 (ADS) (AYS), 2017 WL 1323735, at *3 (E.D.N.Y. Mar. 30, 2017) ("Plaintiff's attempt to serve the Defendant corporate entity by delivering copies of such documents to a family member of a principle of the corporation is simply ineffective service under either federal or New York law."), *report and recommendation adopted*, 2017 WL 1322139 (E.D.N.Y. Apr. 8, 2017); *Tate v. YRC Worldwide, Inc.*, No. 08-CV-0007 (ENV) (MDG), 2008 WL 11318316, at *2 (E.D.N.Y. Sept. 23, 2008) ("As with service under the Federal Rules, the documents must be personally delivered in order to properly serve a corporation under New York law."); *Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 104 A.D.2d 551, 552 (2d Dep't 1984), *aff'd*, 65 N.Y.2d 865 (1985) (holding that service was not effectively made upon the defendant corporation where the process was not personally delivered to the corporate officer served). This is true regardless of whether the individual served identifies themselves as a person authorized to accept service on behalf of the corporation. *See Early Bird Sweeping Contractors, Inc.*, 2017 WL 1323735, at *3 ("Even if Michael 'Doe' identified himself as a person who could accept service on behalf of Defendant [corporation], the service would nevertheless be ineffective.").

Here, Plaintiff's attempt to serve Defendant, a corporate entity, by delivering copies of such documents to an individual identified as "Maria Sokolich" is ineffective under either federal

10

or New York law.  Ms. Sokolich is not identified in the Complaint, or anywhere in the record, as an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Defendant, as required under Fed. R. Civ. P. 4(h)(1) or N.Y. C.P.L.R. § 311(a)(1).  Ms. Sokolich is also not the registered agent associated with the Defendant on the New York State Secretary of State's website.  *See N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search*, https://apps.dos.ny.gov/publicInquiry (last visited Dec. 22, 2023).[3]

Lacking any information to confirm that Defendant was properly served with process, the Court cannot "speculate as to whether [] [P]laintiff has satisfied the procedural prerequisites for a default motion." *Prescription Containers, Inc.*, 2014 WL 1236919, at *6 n.6.  Indeed, "[w]here a plaintiff has not offered a reasonable amount of evidence that requirements such as service are met, the motion should be denied with leave to renew." *Id.* (citing *United States v. Jefferies*, No. 06-CV-3908 (DRH) (ARL), 2007 WL 2461920, at *1 (E.D.N.Y. Aug. 24, 2007)).

In light of the above, even if Plaintiff had complied with the Local Civil Rules, Plaintiff's motion should still be denied with leave to renew because Plaintiff has not established that Defendant was properly served with the Summons and Complaint.

Plaintiff is advised that this Report and Recommendation may not contain an exhaustive recitation of the deficiencies in Plaintiff's moving papers.  Plaintiff is cautioned to re-examine all of the rules applicable to default judgment motions and to comply strictly with each of them.

---

[3] The Court properly takes judicial notice of the Secretary of State's website. *See, e.g.*, *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

## IV.    **Conclusion**

Accordingly, the Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice and with leave to renew, addressing the deficiencies discussed above, and in compliance with the Court's Local Civil Rules.

A copy of this Report and Recommendation is being electronically served on counsel.  This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant and to file proof of service on ECF by December 27, 2023.

Copies shall be served at the following address:

The Original Fender Mender, Inc.
27-16 21st Street
Long Island City, New York 11102

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  See also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Gonzalez.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

Dated:    Brooklyn, New York
December 22, 2023

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

12